FILED
SUPERIOR COURT
OF GUAM

2025 JUL -8 PM 4:28

CLERK OF COURT

BY: _____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JUANITA ARCEO, | **CIVIL CASE NO. <u>CV0397-20</u>** |
| Plaintiff, | |
| vs. | **DECISION AND ORDER RE DEFENDANT'S MOTION TO (1) EXTEND TIME TO FILE NOTICE OF APPEAL; (2) PERMIT CASH DEPOSIT IN LIEU OF SUPERSEDEAS BOND OR EXTEND TIME TO POST BOND; AND (3) DEFER ISSUANCE OF WRIT OF EXECUTION** |
| CULGUAM, INC. doing business as COST-U-LESS and JOHN DOE INSURANCE COMPANY, | |
| Defendants. | |

## INTRODUCTION

Defendant CULGuam, Inc. doing business as Cost-U-Less ("CULGuam") moved this Court to (1) extend the time to file Notice of Appeal pursuant to GRAP Rule 4(a)(5); (2) permit a cash deposit in lieu of a supersedeas bond; or alternatively, extend time to post bond under GRCP 6(b); and (3) defer the issuance of the writ of execution. Having reviewed CULGuam's present motion, the Court hereby GRANTS the Motion to Extend Time, GRANTS the Motion to Permit Cash Deposit in Lieu of Supersedeas Bond, and GRANTS the Motion to Defer Issuance of Writ of Execution, insomuch as Defendant meets the Court's deadline to file the Notice of Appeal and make the cash deposit in lieu of supersedeas bond.

## PROCEDURAL BACKGROUND

A second jury trial was held in this case from December 11 to 19, 2023, at which time the jury found Defendant CULGuam to be negligent, and the Court entered a judgment against CULGuam for $2,751,170.00. Defendant moved for a third trial, which the court denied on April 23, 2024. *See* Decision and Order Denying Motion for New Trial. Defendant subsequently appealed 1) the judgment, 2) the December 13, 2023 decision granting a second jury trial, and (3) the later April 23, 2024 decision denying CULGuam's motion for a new trial, docketed as Supreme Court Case No. CVA24-008. *See* Notice of Appeal (May 24, 2024). After judgment was entered, several post-judgment matters remained pending in the Superior Court, including Plaintiff's Motion to Compel Discovery and for Leave to Take Depositions (Feb. 29, 2024), Plaintiff's Motion for Leave to Amend the Complaint (Apr. 5, 2024), and Motion for Writ of Execution or, alternatively, to Require Posting of Supersedeas Bond (Dec. 3, 2024). The Motion to Amend and Motion to Compel were referred to Magistrate Judge Quam, who scheduled hearing on September 16, 2024. Order Referring Motions to Magistrate (May 14, 2024). Magistrate Judge Quam denied both motions and rejected the notion that the omission would hinder execution of judgment. *See* Order Re Plaintiff's Motion to Compel Discovery and for Leave to Amend Complaint at 7 (Jan. 21, 2025). Magistrate Judge Quan also ordered sanctions against CULGuam and its then-trial counsel, Camacho Calvo Law Group LL ("CC Law"), in the amount of $95,000. *Id.* at pp. 9-14. In his decision, Magistrate Judge Quam made several adverse findings against CULGuam regarding its conduct during trial, including that Allianz, CULGuam's insurance company, was omitted in bad faith.

All of these post-judgment issues led to the appeal in the Supreme Court of Guam being stayed multiple times to allow time for the Superior Court to address the issues. *See* Arceo v. CULGuam, Inc. CVA24-008 Order (Jan. 17, 2025); Order (Jan. 28, 2025); Order (Apr. 22, 2025). On March 25, 2025, the Court issued an Amended Decision and Order granting Plaintiff's Motion for Writ of Execution, and requiring Defendant to post a supersedeas bond in the amount of the judgment, plus interest and costs, within thirty (30) days to stay execution pending appeal. On March 26, 2025, the Amended Decision and Order was entered into the Court's docket. Defendant attempted to appeal that Order by filing a Notice of Appeal with the Supreme Court on April 25, 2025, within the 30-day limit. Notice of Appeal, Apr. 25, 2025. A copy was served on Plaintiff the same day via email. The Supreme Court struck the Notice of Appeal on procedural grounds because it should have been filed with the Clerk of the Superior Court, as required by GRAP Rule 3. CVA24-008 (Order to Strike (Apr. 30, 2025)). By this point, the 30-day period under GRAP 4(a)(1) had elapsed.

Defendant filed the present Motion on May 6, 2025, requesting that the Court (1) extend the time to file Notice of Appeal pursuant to GRAP Rule 4(a)(5); (2) permit a cash deposit in lieu of a supersedeas bond; or alternatively, extend time to post bond under GRCP 6(b); and (3) defer the issuance of the writ of execution. Plaintiff filed her Opposition on June 3, 2025, and Defendant CULGuam filed its Reply on June 17, 2025. At the Status Hearing held on June 26, 2025, the Court informed the parties that no additional argument was needed, and took the matter under advisement.

## DISCUSSION

I.   MOTION TO EXTEND TIME TO FILE NOTICE OF APPEAL PURSUANT TO
     GRAP RULE 4(A)(5)

Under GRAP Rule 4(a)(1), a notice of appeal must be filed with the Clerk of the Superior Court within thirty (30) days after entry of the order which is being appealed. The Order was entered by this Court on March 26, 2025, and Defendant attempted to appeal that Order by filing a Notice of Appeal with the Supreme Court on April 25, 2025. Therefore, the Notice of Appeal was timely, but it was not filed in the correct court. GRAP Rule 4(a)(5) permits this Court to extend the time to file a Notice of Appeal if: (i) a party so moves no later than fourteen (14) days after the time prescribed this Rule 4(a) expires, and (ii) regardless of whether its motion is filed before or during the thirty (30) days alter the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause. Guam Rules of Civil Procedure Rule 6(b) further allows the Court to extend time for an act with a specified timeline "on motion made after the time has expired if the failure to act was the result of excusable neglect." Defendant moved for this extension on May 6, 2025, which was less than 14 days after April 25, 2025, when the time to file Notice of Appeal was filed. Therefore, the extension request is timely, and the Court must determine whether Defendant has shown excusable neglect or good cause.

In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, the U.S. Supreme Court held that Congress "plainly contemplated" that courts would be permitted to accept late filings caused by "inadvertence, mistake, or carelessness," in addition to circumstances "beyond the party's control." 507 U.S. 380, 388 (1993). The Court goes on to state that, "inadvertence, ignorance of the rules, or mistakes construing the rules" typically would not fall under "excusable" neglect,

but it is clear that under Rule 6(b), the definition is "somewhat elastic" and "not limited strictly to circumstances beyond the control of the movant." *Id.* at 392.

In *Pioneer*, the Supreme Court set out a four factor test to determine whether excusable neglect exists, which include: (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith. *Id.* at 395. The Guam Supreme Court has adopted these factors, stating that the Court is "persuaded by *Pioneer* and adopt[s] its four-factor test for determinations of 'excusable neglect' under GRAP 4(b)(4)." *People v. Callahan*, 2015 Guam 24 ¶ 34.

As discussed above, Defendant attempted to appeal this Court's March 25, 2025 Order by filing a Notice of Appeal with the Supreme Court on April 25, 2025, which the Court has established was within the 30-day limit. Notice of Appeal, Apr. 25, 2025. A copy was served on Plaintiff the same day via email. The Supreme Court struck the Notice of Appeal on procedural grounds because it should have been filed with the Clerk of the Superior Court, as required by GRAP Rule 3. CVA24-008 (Order to Strike (Apr. 30, 2025)). By this point, the 30-day period under GRAP 4(a)(1) had elapsed.

The Court now applies these facts to the *Pioneer* factors. First, this Court does not believe there is a strong danger of prejudice to the Plaintiff if the Court grants Defendant an extension to file the appeal. As Defendant argued in its Motion, the main purpose of the notice of appeal is to put the other party on notice that there is an appeal from the judgment. *Sananap v. Cyfred, Ltd.*, 2008 Guam 10 ¶ 18. Plaintiff was on notice after receiving service of the Notice of Appeal, even if the Notice was procedurally deficient. While Plaintiff argues that prejudice to the

Plaintiff is "ongoing" and "has forced Plaintiff to halt enforcement," the fact remains that there are other outstanding motions in this case, as well as an existing outstanding appeal. This case would not have been fully resolved whether or not Plaintiff had misfiled the Notice of Appeal, and therefore it is this Court's opinion that granting Defendant an extension would not greatly prejudice the Plaintiff. For similar reasons, the Court finds that the length of delay and its potential impact on judicial proceedings weigh neutrally, if not in favor of Defendant. While the delay has been almost two months at this point, the Defendant moved for permission to re-file the Notice of Appeal within two weeks of being notified their original filing was flawed. Furthermore, there are other ongoing Motions in this case.

The Court finds that the reason for the delay in this case was within the reasonable control of the Defendant. However, the Court understands that human error exists and does not believe this error was intentional or made in bad faith. Defendant immediately went about attempting to remedy the mistake with the present Motion, and admitted its fault in failing to file with the Superior Court. It has long been the preference of this Court to make legal determinations based on the merits of arguments and not rely solely on punishing procedural standards. The Defendant has a right to appeal an Order of this Court. While Defendant did fail to properly give notice of that appeal, the Court has discretion to extend the time to file a notice for excusable neglect. The Court finds that in this case, sufficiently excusable neglect applies. Therefore, the Court will grant Defendant's request for an extension.

An extension cannot exceed thirty (30) days after the prescribed time for the appeal or ten (10) days after the date when the order granting the motion is entered, whichever is later. *See*

Guam R. App. P. 4(a)(5)(C). Therefore, the Court grants the Defendant an extension of ten (10) days from the date of this Order to properly file a Notice of Appeal.

II.      MOTION TO PERMIT CASH DEPOSIT IN LIEU OF SUPERSEDEAS BOND;

OR, ALTERNATIVELY, EXTEND TIME TO POST BOND UNDER GRCP 6(b)

Under the Local Rules of the Superior Court of Guam CVR 65.1.1(e), a party may, in lieu of surety in a civil case, deposit the judgement amount with the clerk of Court as long as that party executes an agreement as "required by 31 U.S.C. § 9303 or any other required agreement, authorizing the clerk to collect or sell the bonds, notes, or certificates of deposit in the event of default." The Court agrees that Defendant has the right to deposit the judgment amount in lieu of the ordered supersedeas bond, however, Defendant has so far failed to place such a bond or deposit with the Court, and the 30-day deadline set by this Court's March 25, 2025 Order is well past. As such, Defendant has requested an extension of this time or permission to deposit the cash with the clerk of Court now.

Under GRCP Rule 6(b)(1)(B), the court may, for good cause, extend the time for an act which must be completed within a specified time "on motion made after the time has expired if the failure to act was the result of excusable neglect." As shown above, the U.S. Supreme Court stated in *Pioneer* that "inadvertence, ignorance of the rules, or mistakes construing the rules" typically would not fall under "excusable" neglect, but it is clear that under Rule 6(b), the definition is "somewhat elastic" and "not limited strictly to circumstances beyond the control of the movant." *Pioneer*, 507 U.S. 380 at 392. The Court found in the above section contemplating an extension for filing of the Notice of Appeal that Defendant's failure to act was the result of

excusable neglect. The Court finds the same on this issue, and the above analysis of the *Pioneer* factors applies here as well.

A supersedeas bond is generally required under Guam law to stay a judgment that is under appeal. GRCP Rule 62(d) states that "[t]he bond may be given *at or after* the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be" (emphasis added). Due to Defendants' procedural mistake of filing the Notice of Appeal with the Supreme Court rather than the Superior Court, a valid notice of appeal has not been filed with this Court. The Court recognizes that because the statutory deadline had passed, the Defendant could not refile the notice of appeal without permission from this Court, and therefore could not put up the bond "at or after" the time of properly filing the notice of appeal. In the analysis above, the Court granted Defendant permission to properly file the appeal within 10 days of this order, therefore the Defendant is now able to deposit the cash with the clerk of Court "at or after" the time of filing the Notice of Appeal with the Superior Court of Guam.

Defendant has represented in its Motion that it is "fully prepared to secure the judgment and has set aside the full amount for immediate deposit into the Court's registry or approved escrow account." Defendant's Motion at p. 15 (May 6, 2025). Furthermore, Defendant has presented to the Court a declaration "attesting to the availability and sufficiency of funds to satisfy the full judgment amount." *Id.* at p. 16.

The Court grants Defendant permission to place a full cash deposit in lieu of bond, provided that Defendant execute a suitable bond agreement as contemplated under 31 U.S.C. § 9303. Based on Defendant's representations that it is prepared to deposit the funds, and the extra time

afforded to Defendant to prepare the funds during the pendency of this Motion with the Court, Defendant has ten (10) days from the issuance of this Order to deposit the funds.

## III.   MOTION TO DEFER ISSUANCE OF WRIT OF EXECUTION

The Court GRANTS the Motion to Defer Issuance of the Writ of Execution, insomuch as this Court has given permission to Defendant to properly its Notice of Appeal and deposit the full judgment amount with the Court. If Defendant fails to accomplish these tasks within the ten (10) days afforded by the Court, the Writ of Execution will automatically issue.

## CONCLUSION AND ORDER

The Court GRANTS CULGuam's Motions and hereby allows Defendant to properly file its Notice of Appeal and make a cash deposit with the Court of the full judgment amount in lieu of bond. The deadline for Defendant to make the new filing and deposit the funds is ten (10) days from the issuance of this Order. Should Defendant fail to properly file the Notice of Appeal or make the cash deposit of $2,751,170.00 with the Court before this deadline, the Writ of Execution will not be stayed and will automatically be issued.

**SO ORDERED** this _July 8_____, 2025.

_____
**HON. JOHN C. TERLAJE**
**Judge, Superior Court of Guam**